UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL WHITEHEAD,

                    Petitioner,

-vs-                                                    Case No.  8:06-cv-35-T-17MSS

SECRETARY,   DEPARTMENT   OF
CORRECTIONS,

                    Respondent.

_____

## ORDER

        Retained counsel for petitioner Whitehead filed a 28 U.S.C. § 2254 petition for writ

of habeas corpus.  Whitehead challenges his conviction and sentence entered by the

Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.  A review of the record

demonstrates that, for the following reasons, the petition must be **denied.**

### PROCEDURAL HISTORY

        On September 27, 2000, Whitehead was charged by information with one count

each of robbery, possession of cocaine, unauthorized possession of a driver's license, and

misdemeanor possession of marijuana. (Exh 27: Vol. 1: R 7-8).[1] The robbery charge was

severed from the remaining charges, and Whitehead proceeded to trial on the robbery

count on May 29, 2001, before the Honorable Brandt C. Downey, Circuit Judge. Whitehead

was represented by Assistant Public Defender Don Anderson. The jury found Whitehead

_____

        [1] Respondent filed the two-volume record on appeal in appellate Case No. 2D01-3106 as
Respondent's Exhibit 27.

guilty of robbery as charged. (Exh 27: Vol. 1: R 45). On May 29,  2001, the court sentenced Whitehead to 25 years in prison with a 15-year mandatory minimum, as a habitual felony offender and a prison releasee reoffender. (Exh 27: Vol. 1: R 91-94). The State filed a nolle prosequi as to the remaining counts. (Exh 27; Vol. 1: R 95).

Whitehead pursued a direct appeal. Megan Olson, the Assistant Public Defender assigned to represent Whitehead on appeal, filed an initial brief raising one issue: "The trial court erred in denying Appellant's motion to suppress the identification evidence obtained as a direct result of an unlawful stop." (Exhibit 1). The State filed an answer brief. (Exhibit 2). On May 17, 2002, in Case No. 2D01-3106, the appellate court filed a per curiam opinion affirming Whitehead's judgment and sentence. (Exhibit 3). *Whitehead v. State*, 819 So. 2d 772 (Fla. 2d DCA 2002)[table]. The court issued its mandate on June 14, 2002. (Exhibit 4).

On April 22, 2003, Whitehead filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 5). Whitehead raised five grounds in the motion: (1) trial counsel was ineffective for failing to make a motion to direct the State to produce DNA evidence taken from the crime scene; (2) trial counsel was ineffective for failing to let Whitehead testify after he requested to be put on the stand; (3)  trial counsel was ineffective in refusing to call alibi witnesses in his defense; (4) trial counsel was ineffective when he failed to make an objection to the sentence imposed by the trial court; (5) Whitehead is actually innocent. In an order dated October 2, 2003, the Honorable Richard Luce, Circuit Judge, directed the State to respond to all five claims. (Exhibit 6). The State filed its response on November 21, 2003, arguing that Grounds One, Two, and Five should be summarily dismissed, but that Whitehead was entitled to an evidentiary hearing

on Grounds Three and Four. (Exhibit 7). On December 3, 2003, the postconviction court rendered an order summarily denying Grounds One, Two, dismissing Ground Five, granting a hearing on Ground Three, and reserving ruling on Ground Four. (Exhibit 8).

On December 12, 2003, Whitehead filed a supplemental motion for postconviction relief relating to Ground Four, listing the two dates he was allegedly advised of the State's plea offer. (Exhibit 9). The State later filed a response to the supplemental motion. (Exhibit 10). On January 9, 2004, the court rendered an order summarily denying Ground Four. (Exhibit 11). On April 5, 2004, Whitehead filed a pro se motion entitled "Motion to Include Supplemental Information." (Exhibit 12). The court denied the motion on March 18, 2004, because counsel had been appointed to represent Whitehead. (Exhibit 13).

On December 3, 2004, an evidentiary hearing was held before Judge Luce to resolve the sole issue whether trial counsel was ineffective for failing to call alibi witnesses. (Exhibit 14). Attorney James W. O'Neil, Esquire, was appointed to represent Whitehead. Following the hearing, both the State and Whitehead's postconviction counsel filed written final arguments. (Exhibits 15 and 16, respectively). On February 3, 2005, the court issued a final order denying Ground Three of the rule 3.850 motion. (Exhibit 17).

Whitehead appealed the adverse rulings. Whitehead's retained counsel, Bruce G. Howie, Esquire, filed an initial brief challenging the denial of Grounds Three (failure to call alibi witnesses) and Five (actual innocence) of the postconviction motion. (Exhibit 18). The State filed its answer brief on or about July 13, 2005 (Exhibit 19), and Whitehead later filed a reply brief. (Exhibit 20). On October 28, 2005, in Case No. 2D05-1017, the denial of postconviction relief was affirmed per curiam. (Exhibit 21). *Whitehead v. State*, 914 So. 2d

968 (Fla. 2d DCA 2005)[table]. The mandate was issued on November 18, 2005. (Exhibit 22).

On March 16, 2005, while the Rule 3.850 proceeding was still pending, Whitehead filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 23). Whitehead complained that his sentence was illegal because he received inadequate notice that the State was seeking enhanced penalties and that his sentence violates the Supreme Court's rulings in *Blakely v. Washington*, 124 S.Ct. 2531, 2537 (2004) or *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On March 29, 2005, the state court rejected both arguments in a written order denying the rule 3.800 motion. (Exhibit 24). Whitehead appealed. Briefs were not filed by either party. On July 22, 2005, in Case No. 2D05-1939, the Second District Court of Appeal of Florida affirmed the denial of the motion to correct illegal sentence in a per curiam opinion with citations. (Exhibit 25). *Whitehead v. State*, 907 So. 2d 535 (Fla. 2d DCA 2005)[table]. The court issued the mandate on August 15, 2005. (Exhibit 26).

THE PRESENT PETITION

The federal petition was filed by Whitehead's retained counsel, Bruce G. Howie, Esquire, on January 6, 2006. (Doc. No. 1). The petition contains four grounds for relief:

Ground One

INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO CALL ALIBI WITNESSES AND PRESENT AN ALIBI DEFENSE.

Ground Two

ACTUAL INNOCENCE UNDER *SCHLUP v. DELO*, 115 S.Ct. 851 (1995).

Ground Three

THE SENTENCE IMPOSED IS ILLEGAL BECAUSE THE PETITIONER WAS NOT PROVIDED ADEQUATE NOTICE OF ENHANCED PENALTIES.

Ground Four

THE SENTENCE IMPOSED WAS ILLEGAL BECAUSE IT WAS ABOVE THE STATUTORY MAXIMUM IN VIOLATION OF *APPRENDI* AND *BLAKELY.*

These four grounds were properly raised in Whitehead's motion for postconviction relief or motion to correct sentence and are therefor exhausted for federal habeas corpus purposes.

STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

DISCUSSION

Ground One

Whitehead asserts his trial counsel was ineffective for failing to call alibi witnesses Vicky Lambert and Carolyn Lambert, or to present an alibi defense. This claim must be denied for failure to satisfy the AEDPA standard. In order to show a violation of the Sixth Amendment right to counsel, Whitehead must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Bell v. Cone*, 535 U.S. 685, 698 (2002)(courts should apply Strickland to claims that counsel failed to satisfy constitutional requirements at specific points). *Strickland* teaches a defendant must show counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and such prejudiced him, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. *See also Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Williams v. Taylor*, 529 U.S. 362 (2000).

A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S.

470, 477 (2000) (quoting *Strickland,* 466 U.S. at 690). This judicial scrutiny is "highly deferential." *Id.* A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90; *see also Bell v. Cone, supra,* 535 U.S. at 698.

"To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (en banc), *cert. denied*, 536 U.S. 964 (2002) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). The cases in which habeas petitioners can properly prevail on a claim of ineffective assistance of counsel are few and far between. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.), *cert. denied*, 513 U.S. 899 (1994).

The inquiry into whether a lawyer has provided effective assistance is an objective one -- a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000), *cert. denied*, 531 U.S. 1204 (2001). An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. *Id.* at 1314 n.15.

Thus, as Chandler makes clear, the presumption afforded counsel's performance "is not . . . that the particular defense lawyer in reality focused on and, then, deliberately

decided to do or not to do a specific act." *Id.* Rather, the presumption is "that what the particular defense lawyer did at trial – for example, what witnesses he presented or did not present – were acts that some reasonable lawyer might do."  *Id.*

Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." *Chandler*, at 1317. Absolute rules would interfere with counsel's independence-–which is also constitutionally protected – and would restrict the wide latitude counsel have in making tactical decisions. *Id.* The reasonableness of counsel's performance is determined through deferential review of all of the circumstances from the perspective of counsel at the time of the alleged errors. *Strickland*, 466 U.S. at 689. Every effort should be made to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's perspective at the time." *Id.*

In applying the AEDPA standard to ineffective assistance of counsel claims, the federal court's focus is on whether the state decision can be viewed as objectively reasonable. *See Wellington v. Moore*, 314 F.3d 1256, 1261 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." (internal quotation omitted)), *cert. denied*, 535 U.S. 1107 (2002). The Supreme Court reiterated the highly deferential standard for evaluating state-court rulings in *Woodford v. Visciotti*, *Id.*, 537 U.S. 19 (2002):

> Under § 2254(d)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied Strickland incorrectly. *See Bell v. Cone*, 535 U.S. 685, 698-699, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); Williams, supra, at 411, 120 S.Ct. 1495. Rather, it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner. An

"unreasonable application of federal law is different from an incorrect application of federal law."

*Id.,* 537 U.S. at 24-25 (reversing grant of habeas relief to a state prisoner under death sentence, finding the circuit court ultimately substituted its own judgment for that of the state court, in contravention of 28 U.S.C. § 2254(d) (citation omitted)).

In the present case, the state postconviction court's final order, entered after an evidentiary hearing was conducted to resolve this issue, includes the following findings of fact and conclusions of law:

As previously stated, on December 3, 2004, the Court conducted an evidentiary hearing on the remaining claim set forth above, The Defendant was represented by James W. O'Neill, Esquire. Kristen Howatt, Esquire, Assistant State Attorney, was also present at the hearing.

Testimony was taken from the Defendant's trial counsel Donald Anderson, Esquire and from the Defendant. The Defendant and the State were both given the opportunity to submit written closing arguments.

. . .

(1) The Defendant alleges that trial counsel was ineffective in refusing to call alibi witnesses Vicky Lambert and Carolyn Lambert in his defense. The Defendant testified that he informed trial counsel in a letter that he wanted to call Vicky Lambert and Carolyn Lambert as alibi witnesses. The Defendant also stated that he provided trial counsel with the alibi witnesses addresses. The Defendant testified that on the day of trial that trial counsel told him that no witnesses would be called in order to preserve second closing arguments. The Defendant testified that trial counsel made all the decisions pertaining to his trial.

Trial counsel, Donald Anderson, Esquire, testified that the Defendant sent him numerous request forms from county jail. Trial counsel further testified that the Defendant had provided him with alibi witness names. Trial counsel stated that he originally considered using the alibi witnesses, but later changed the strategy once he was successful on the Motion to Suppress. Trial counsel testified that he felt that it was best to proceed without witnesses and use a theory of weak identification by the victim. Trial counsel also stated that he considered that if alibi witnesses were used, it

may have opened the door for the State to refer to suppressed items. Trial counsel also testified that he considered the importance of second closing arguments. Trial counsel testified that he discussed trial strategy with the Defendant and at no point did the Defendant object or push for the alibi defense.

Strategic and tactical decisions do not justify relief, even where the decision evidences bad judgment. *Gonzalez v. State*, 579 So. 2d 145, 146 (Fla. 3d DCA 1991)(citing *Buford v. State*, 492 So. 2d 355 (Fla. 1986). Trial tactics are left to the discretion of the attorney so long as his performance is within the range of what is expected of reasonably competent counsel. *Stevens v. State*, 552 So. 2d 1082, 1084 (Fla. 1982)(citing *Muhammad v. State,* 426 So. 2d 533, 538 (Fla. 1982), *cert. denied*, 464 U.S. 865 (1983)). In the instant case, trial counsel's actions were well within the range of reasonableness considering the possible consequences of using alibi witnesses. Further, trial counsel's decision not to present witnesses to preserve second closing arguments is a valid tactical decision. *Van Poyck v. State*, 694 So. 2d 686 (Fla. 1997).

In addition, the Defendant also failed to show that trial counsel's alleged deficiency caused the Defendant to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). The Defendant did not prove how the alibi defense would have been beneficial. Specifically, the Defendant failed to show that there was a "reasonably probability" that the outcome would have been different absent the ineffective assistance of counsel. *Id.*; *Haliburton v. Singletary*, 691 So. 2d 466 (Fla. 1997).

Final Order Denying Defendant's Motion for Postconviction Relief at pp. 1-3.

A review of the evidentiary hearing transcript supports the postconviction court's findings. The State asked Whitehead during the evidentiary hearing if he knew the State had evidence intended to be used against Whitehead at trial including Whitehead's admission and the victim's wallet. (Exh 14: R 174). Whitehead denied he knew the nature of the evidence which was ultimately suppressed after proper motion by his defense attorney. (Exh 14: R 175). Whitehead's defense attorney testified at the evidentiary hearing that the decision not to call the two witnesses was made after the defense successfully had "several items" of evidence suppressed which strongly implicated Whitehead in the offense.

-10-

(Exh 14: R 178). The suppressed evidence found in Whitehead's possession after a police stop, based on a temporary tag which was improperly listed as stolen, included the robbery victim's wallet and "some statements" made by Whitehead which also implicated him in the offense charged. (Exh 14: R 174, 178).

Initially, Whitehead's defense attorney testified he was going to present the alibi witnesses at trial, but their defense strategy changed after the motion to suppress was granted. (Exh 14: R 177- 178). The defense attorney testified he was reluctant to call the witnesses named by Whitehead because he believed their testimony would open the door to allowing the State to admit the then suppressed evidence during the trial. (Exh 14: R 179). The defense attorney testified he discussed this strategy with Whitehead prior to trial and Whitehead never requested the defense present the alibi defense rather than their other theory. (Exh 14: R 179). Had Whitehead made the request, the defense attorney testified he would have explained in great detail why it would have been a bad idea, but would have acceded to Whitehead's wishes if Whitehead wanted the alibi witnesses called. (Exh 14: R 179-180).

A trial counsel's strategic or tactical choices in a criminal case, after a thorough investigation of the law and facts relevant to plausible options, "are virtually unchallengeable" in an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 690. Although ultimately unsuccessful in the sense Whitehead was not acquitted of the charge, trial counsel's strategy was reasonable from a constitutional point of view, and therefore counsel cannot be considered ineffective. *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992). In this case, counsel did not ignore or neglect to consider the use of alibi witnesses;

rather, with no objection by Whitehead, counsel elected to pursue a theory of defense best suited under the unique circumstances of Whitehead's case. The state court's ruling was neither contrary to, nor an unreasonable application of, the *Strickland* two-part test and ground one does not warrant habeas corpus relief.

Ground Two

Whitehead alleges he is entitled to federal habeas corpus relief because he is actually innocent of the crime. As a factual basis, Whitehead alleges:

> The person responsible for the robbery can be specifically identified from fingerprint evidence found at the exact location of the robbery. The petitioner identified this person by name and physical description, and this person has a prior record for robbery.

(§ 2254 petition at p. 7).

"[A]ctual innocence" cannot constitute a substantive claim, but can only be applied as a gateway to address the merits of procedurally barred claims. *See, e.g., United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure timely to file his § 2255 motion). In this case, it appears Whitehead is pressing a free-standing substantive claim of actual innocence, rather than seeking to avoid a procedural bar.

Alternatively, even if Whitehead's actual innocence claim was cognizable in the instant proceeding, it is procedurally barred. The state court's December 2, 2003, order denying this claim treated Whitehead's allegation as one of insufficiency of the evidence, and dismissed the claim as procedurally barred:

> The Defendant contends that he is actually innocent. The Defendant
> names who he believes the culprit to be. Insufficiency of evidence cannot be
> raised in a 3.850 motion, especially when a direct appeal has been taken.
> *Jackson v. State*, 640 So. 2d 1173, 1174 (Fla. 2d DCA 1994). Therefore, this
> claim is not cognizable and is dismissed.

December 2, 2003 Order at p. 3.

Likewise, to the extent ground two is interpreted as raising a sufficiency of the evidence claim in this Court, it must be dismissed as procedurally barred.

Finally, even if ground two is appropriately raised for consideration by this Court, Whitehead cannot satisfy the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). "Actual innocence" means factual innocence, not mere legal insufficiency. *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). A substantive claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup,* 513 U.S. at 324. Whitehead has not demonstrated that evidence pointing to another perpetrator was unavailable at the time of trial or that, but for a constitutional error, no reasonable juror would have found the petitioner guilty. *Id.* at 301. Accordingly, Whitehead's actual innocence claim has no merit and ground two does not warrant habeas corpus relief.

Ground Three

-13-

Whitehead contends his sentence is illegal because he was not provided adequate notice that the State was seeking enhanced penalties. Ground Three is not cognizable in this federal habeas proceeding because it concerns a matter of state law only. Federal habeas relief is available to correct only those injuries resulting from a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). It is well-settled in this circuit that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan*, 861 F.2d at 1508. A state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983)(per curiam); *Smith v. Wainwright,* 741 F.2d 1246, 1258 (11th Cir. 1984); *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988). Whitehead has no recourse in this Court to challenge what he perceives to be an error in sentencing.

Moreover, Whitehead did not present this sentencing issue in the state court or in this Court as a federal constitutional violation. Consequently, the claim is unexhausted and procedurally barred. A petitioner must present his claims to the state courts before raising them in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995)(quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). *Accord,*

-14-

*Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error"), and *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995)("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."). In *Duncan v. Henry*, the United States Supreme Court held that "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." 513 U.S. at 365. *Accord, Anderson v. Harless*, 459 U.S. 4 (1982). Because Whitehead never presented this sentencing issue in constitutional terms in state court, ground three is unexhausted and procedurally barred.

Finally, even if Whitehead could overcome the aforementioned procedural and jurisdictional bars, he would not be entitled to relief because the claim is without merit for the reasons stated in the order denying the rule 3.800(a) motion:

> Defendant first claims that his sentence is illegal because he was not provided adequate notice that the State was seeking enhanced penalties. The record contains a notification that the State was seeking an enhanced penalty pursuant to § 775.084 and a notice indicating that Defendant qualified as a PRR pursuant to § 775.082. See (*Composite EXHIBIT B -- Two Notices*). Both notices were filed long before Defendant's trial and both indicate that they were delivered to Defendant's counsel. It is worth noting that Defendant does not identify any prejudice resulting from the allegedly inadequate notice.

Even if these notices were somehow inadequate, this type of claim attacks only the procedure in which the sentence was imposed and would not render the sentence illegal. *See Judge v. State*, 596 So. 2d 73, 77 (Fla. 2d DCA 1991)(Finding that the notice requirement for sentencing as a habitual offender is procedural and is not an aspect of the sentence reviewable under rule 3.800(a)(on rehearing en banc); *See also Carter v. State*, 786 So. 2d 1173, 1178 (Fla. 2001). Furthermore, claims regarding deficiencies in the notice of enhanced penalty are cognizable on appeal. *See Washington v. State,* 2005 WL 292977 (Fla. 4th DCA February 9, 2005); *State v. Benjamin*, 685 So. 2d 1335, 1337 (Fla. 2d DCA 1996). Therefore, such claims are not cognizable in postconviction proceedings. *See Austin v. State*, 874 So. 2d 47, 48 (Fla. 4th DCA 2004)("If preserved, these challenges could have bene raised in a direct appeal from the resentencing, but they are not claims of illegal sentence cognizable in a rule 3.800(a) motion."); *Edwards v. State*, 830 So. 2d 141, 142 (Fla. 5th DCA 2002).

Even if this claim was now cognizable, Defendant was given adequate notice. *See Washington v. State*, 2005 WL 292977 (Fla. 4th DCA February 9, 2005)("[T]he notice of intent serves to provide a defendant with notice that his entire criminal record will be placed at issue and that he should prepare to refute any errors in that record (i.e., he was not the person convicted, he was not convicted of a certain offense, his conviction was vacated on appeal). When a 'shotgun' notice informs a defendant that he is subject to all sentencing schemes under section 775.084, a defendant is given all the notice necessary to prepare for sentencing in his case.").

Order Denying Defendant's Motion to Correct Illegal Sentence (3.800(a)) at pp. 1-2.

## Ground Four

Whitehead alleges his sentence is illegal because it exceeds the statutory maximum based on *Blakely v. Washington*, 542 U. S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This claim has no merit. *United States v. Booker*, 543 U.S. 220  (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), and Apprendi  v. New Jersey, 530 U.S. 466 (2000) are not retroactive on collateral attack.  *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir.), *cert. denied*, 546 U.S. 924 (2005); *In re Anderson*, 396 F.3d 1336, 1339-40

(11th Cir. 2005); *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001), *cert. denied,* 536 U.S. 906 (2002).

Even if *Blakely* did apply to his case, Whitehead correctly recognizes that a jury finding is not required in regard to the fact of prior convictions. Whitehead fails to identify a specific infirmity in either the PRR or HFO designations that would render his sentence invalid under *Blakely*. In any case, the PRR designation does not provide sentences in excess of the standard statutory maximums. *See Stabile v. State*, 790 So. 2d 1235, 1238 (Fla. 5th DCA 2001)("*Apprendi* is inapplicable to the Prison Releasee Reoffender Act, because the Act merely limits the court's discretion in sentencing. It does not increase the penalty beyond the statutory maximum."). *Blakely* is also inapplicable to HFO sentences as there is no requirement that the jury make a finding that the current offenses were committed within five years of the prior convictions. *See Riser v. State*, 2005 WL 773937 (Fla. 2d DCA March 2, 2005). (See Order Denying Defendant's Motion to Correct Illegal Sentence (3.800(a)) at pp. 2-3)).

The state court's ruling that Blakely and Apprendi do not apply in Whitehead's case is objectively reasonable in that the enhanced sentence results from the existence and timing of prior convictions which does not require a jury finding. Consequently, Whitehead is not entitled to habeas corpus relief on ground four.

Nothing in Whitehead's reply contradicts the state court findings which are entitled to high deference under the AEDPA.

Accordingly, the Court orders:

That Whitehead's petition is denied.  The Clerk is directed to enter judgment against Whitehead and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 13, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record